T.C. Memo. 2014-17

UNITED STATES TAX COURT

PHILIP A. DUGGAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3771-12.                    Filed January 27, 2014.

Philip A. Duggan, pro se.

<u>Alicia H. Eyler</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Respondent determined a $3,495 income tax deficiency

for petitioner's 2008 year and additions to tax under sections 6651(a)(1)[1] and 6654

_____

[1]Section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] of $786.38 and $112.31, respectively.  Respondent also determined that an addition to tax under section 6651(a)(2) should apply in an amount to be determined according to the statutory formula.  The issues for our consideration are:  (1) whether petitioner failed to file a return and is liable for additions to tax; (2) whether petitioner had taxable income from three sources during 2008; (3) whether petitioner failed to make estimated payments of tax for 2008; and (4) whether the Court should impose a penalty under section 6673.

FINDINGS OF FACT

At the time his petition was filed, petitioner resided in the State of Washington.  During 2008 petitioner was retired and received retirement income of $30,574.49, of which $29,956.61 was taxable.  Also during 2008 petitioner received a $4,800 taxable distribution from his IRA of which TD Ameritrade was the custodian.  Petitioner maintained a bank account with Bank of America and received $157 of interest income during 2008.

Petitioner failed to file a Federal income tax return for 2008.  Respondent, on November 7, 2011, issued a notice of deficiency, and on February 8, 2012, petitioner's petition, in which he disagreed with respondent's determinations, was filed with this Court.  Attached to his petition was a 17-page document setting forth various statements and arguments.  On April 25, 2013, petitioner's motion

[*3] for leave to amend the petition was filed with the Court. Lodged along with his motion was petitioner's proposed amended petition, which had a 13-page attachment, also containing various statements and arguments. In his objection to petitioner's motion, filed May 15, 2013, respondent indicated that petitioner did not make factual claims of error, but "instead, he merely supplements the frivolous legal arguments advanced in his Petition." Petitioner, in his reply to respondent's objection, filed May 21, 2013, reiterated the statements and arguments advanced in his petition and proposed amended petition.

In an order dated May 31, 2013, the Court granted petitioner's motion to amend but struck various arguments in petitioner's documents which the Court found to be "frivolous" within the meaning of section 6673. In the May 31 order the Court admonished petitioner "that if he continues to advance arguments that are deemed frivolous or groundless, he may be held liable for a penalty under I.R.C. section 6673 * * * not in excess of $25,000".

OPINION

Petitioner did not file a 2008 tax return, and respondent determined an income tax deficiency using third-party information that was part of respondent's

**[*4]** records.  At trial petitioner did not offer testimony[2] and instead insisted that respondent had to prove that the deficiency determination was correct.  Petitioner also refused to stipulate the records from which respondent was able to determine the deficiency.  Respondent called petitioner as a witness and questioned him concerning the 2008 tax year.  Initially, petitioner refused to answer the questions respondent's counsel posed.  When petitioner began answering counsel's questions, his answers were equivocal and intentionally vague.  Petitioner exhibited an obstructive pattern of behavior throughout the trial, and the Court occasionally had to order him to answer questions.

Burden of Proof

The taxpayer bears the burden of showing that the Commissioner's determination is in error.  Rule 142.  The Commissioner bears the burden of production "for any penalty, addition to tax, or additional amount imposed".  Sec. 7491(c).  Petitioner offered no testimony or other evidence showing that

---

[2]Petitioner did attempt to offer a flash drive which he claimed contained a vast number (possibly thousands of pages) of Government Accounting Office reports or documents that he believed would show that the Court should not trust respondent's computers.  The flash drives were not received in the record.  Petitioner offered no other evidence or testimony specifically addressing respondent's determinations.

**[*5]** respondent's determination is in error.[3]  The evidence respondent offered satisfied his burden of production by showing petitioner's sources of income and that no income tax return was filed for 2008.  Respondent also showed that petitioner's 2007 return reflected income, requiring the payment of estimated tax for the 2008 tax year.

Accordingly, respondent's determination must be sustained.

Section 6651(a)(1)

Section 6651(a)(1) provides for an addition to tax where a taxpayer fails to timely file a return and where the taxpayer has not shown that the failure was due to reasonable cause and not due to willful neglect.  Respondent has shown that petitioner was required to file a return for 2008 and that no return was filed.  Petitioner provided no evidence to show either that a return was filed or that his failure to file was due to reasonable cause and not due to willful neglect.  Further, petitioner did not show that respondent's determination of a deficiency was in error.  Wherefore, petitioner is liable for an addition to tax under section 6651(a)(1).

---

[3]Instead, petitioner obstructed the conduct of the trial by making blanket objections to the evidence respondent offered and by refusing to answer questions or rendering evasive responses to questions.

**[\*6]** <u>Section 6654</u>

Section 6654 provides for an addition to tax for an underpayment of estimated tax. The addition applies unless one of the exceptions in section 6654(e) applies. Petitioner presented no evidence of either the payment of estimated tax or withholding or that one of the exceptions applies. Wherefore, petitioner is liable for the section 6654 addition to tax.

<u>Section 6673</u>

At the conclusion of the trial, respondent moved that the Court impose a penalty of $25,000 against petitioner under section 6673. Respondent cites, as the dominant reason for the penalty, that petitioner instituted and maintained this case for the purpose of delay and, secondly, that petitioner's position in this case is frivolous and groundless. Petitioner in his defense contended that he did not reiterate the positions that the Court had labeled frivolous in the May 31, 2013, order. He also argued that a $25,000 penalty would be onerous, as it would

**[\*7]** represent about three-fourths of his annual income.[4] Petitioner also filed a reply to respondent's motion to impose penalty on November 14, 2013.[5]

In his original petition, petitioner disagreed with respondent's determination for the following reasons:  improper assessments, lack of substantive regulations (having the force and effect of law), statutes and codes precluding proper lawful filing of tax return, and failure to answer question or to provide a source for resolution.  Although petitioner did not, during trial, reiterate the specific arguments that this Court labeled as frivolous, he continued to advance convoluted and groundless arguments instead of showing that respondent's determinations were in error.

---

[4]It is noted that in making his plea, petitioner made an admission against his interest that he had annual income of approximately $31,250, an amount that is close to the amount of income determined in respondent's notice of deficiency for 2008.  Accordingly, even though petitioner strenuously resisted respondent's attempt to show why he had unreported income, for the purpose of lessening his financial burden, he admitted that his annual income was approximately the amount that respondent had determined.

[5]Petitioner in his reply attempted to introduce facts to counter respondent's arguments in the motion to impose a sec. 6673 penalty.  Petitioner, however, failed to testify on his own behalf or to introduce any admissible evidence that supported the contention in his reply.  Accordingly, the evidence he offers in support of his contentions cannot be accepted as fact.  Even if petitioner's arguments in his reply could be accepted as fact, they do not change or affect the rationale upon which our holding is founded.

**[\*8]**   Respondent alleged that petitioner throughout the pretrial process refused to discuss the specific income items set forth in the notice or the correctness of the documentation in respondent's files.  According to respondent, petitioner merely posed legal-sounding arguments that respondent found to be frivolous or groundless.

At trial petitioner obstructed the conduct of the trial and expressed his intent not to testify.  However, after being called by respondent as a witness, petitioner did not testify with candor.  To the extent that petitioner did respond to questions, his answers were evasive and vague.  Petitioner presented no direct evidence addressing the seminal question of whether respondent's determinations were in error.  At best he impeded the trial and attempted to thwart the Court's attempt to conduct an orderly trial.

Because petitioner did not advance any evidence to show that his position has merit but merely attempted to obstruct the judicial and administrative process, we conclude that petitioner's sole purpose in instituting and conducting this case was for the purpose of delay.  Additionally, although petitioner did make some appropriate objections to respondent's evidence at trial, for the most part he made wholesale references to the Federal Rules of Evidence with the purpose of impeding respondent's counsel's attempt to represent her client.

**[*9]** Under these circumstances and because petitioner has been provided with ample warning, we will require petitioner to pay a $5,000 penalty under section 6673.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.